# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN KNOWLES, TRUSTEE OF THE BRICKLAYERS OF INDIANA RETIREMENT FUND, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, BRICKLAYERS AND ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND (AS SUCCESSOR TO BRICKLAYERS OF INDIANA HEALTH AND WELFARE FUND), INDIANA BRICKLAYERS LOCAL 4 JOINT APPRENTICESHIP TRAINING COMMITTEE AND LOUISVILLE PENSION FUND, <br>　　　　　　　Plaintiffs, <br><br>　　　v. <br><br>DODDS MASONRY CONSTRUCTION COMPANY, INC., DK & L MASONRY, LLC and D and K MASONRY, LLC, <br>　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 1:19-cv-443- ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **DODDS MASONRY CONSTRUCTION COMPANY, INC., DK & L MASONRY, LLC** and **D** and **K MASONRY, LLC,** as follows:

## COUNT I

1. (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a)   The Plaintiffs in this count are STEPHEN KNOWLES, TRUSTEE OF THE BRICKLAYERS OF INDIANA RETIREMENT FUND, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, BRICKLAYERS AND ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND (AS SUCCESSOR TO

BRICKLAYERS OF INDIANA HEALTH AND WELFARE FUND), INDIANA BRICKLAYERS LOCAL 4 JOINT APPRENTICESHIP TRAINING COMMITTEE AND LOUISVILLE PENSION FUND ("The Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers Local 4 of IN/KY and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **DODDS MASONRY CONSTRUCTION CO., INC. ("DODDS")** is an Indiana for-profit domestic corporation and is doing business within this Court's jurisdiction.

(b) **DODDS** is an employer engaged in an industry affecting commerce.

(c) Defendant, **D** and **K Masonry, LLC** ("**D** and **K**") is an Indiana limited liability company and is doing business within this Court's jurisdiction.

(d) **D** and **K** is an employer engaged in an industry affecting commerce.

(e) **DK & L MASONRY, LLC** ("**DK & L**") is a Kentucky limited liability company and is doing business within this District.

(f) **DK & L** is an employer engaged in an industry affecting commerce.

5. Since July 30, 1998**, DODDS** has entered into successive collective bargaining

agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A" agreement attached)

6. By virtue of certain provisions contained in the collective bargaining agreements, **DODDS** is bound by the Trust Agreement establishing the Funds.

7. **D** and **K** and **DK & L** are liable for unpaid benefits for bargaining unit employees, as **D** and **K** and **DK & L** are the successor and/or alter ego to **DODDS** under applicable labor relations theory in that:

    a. **JAMES DODDS** controls(ed) the labor relations policy making of all companies;

    b. The companies are interrelated and share common employees, equipment, materials and jobs in that **D** and **K** and **DK & L** use the foregoing which previously and/or currently were used by **DODDS;**

    c. The companies share common management; and

    d. On information and belief the companies share common ownership.

    e. **D** and **K** and **DK & L** were set up to evade **DODDS'** collective bargaining agreement with Bricklayers Local 4.

8. Plaintiffs previously sued **DODDS** in 2008 and obtained a judgment against **DODDS** for in excess of $26,000.00. Thereafter, **DODDS** purportedly went out of business.

9. Subsequent to **DODDS** allegedly going out of business, James Dodds set up initial alter ego companies named Dodds of Indiana, Inc., and Dodds of Kentucky ("**DODDS KY**") to evade the **DODDS** union agreement and prior judgment.

10. Plaintiffs sued **DODDS KY** in 2011 alleging that **DODDS KY** was the alter ego

of **DODDS**.

11.　　**DODDS KY** subsequently declared bankruptcy.

12.　　The creation of the Defendants in this action by or on behalf of James Dodds evidences a continued pattern by James Dodds of conduct intended to evade the union agreement, prior judgment and obligations to Plaintiffs.

13.　　By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **DODDS** for its bargaining unit employees and for benefits owed but not paid by **D** and **K** and **DK & L** for their bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

A.　　**DODDS, D** and **K** and **DK & L** be ordered to submit to an audit for January 1, 2011 to the present**.**

B.　　Judgment be entered in favor of Plaintiffs and against **DODDS, D** and **K** and **DK & L** in the amount of benefits owed but unpaid by these companies and the prior unpaid judgment amount previously entered against **DODDS**.

C.　　Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.　　Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.　　This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**STEPHEN KNOWLES, TRUSTEE OF THE BRICKLAYERS OF INDIANA RETIREMENT FUND, ET. AL.**


By: s/ Donald D. Schwartz
   One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415